IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES ROBERT MEADE, II,

    Plaintiff,

v.                                                Civil Action No. 5:09CV89
                                                            (STAMP)

ERIE INSURANCE PROPERTY &
CASUALTY COMPANY and
SANDRA BARKER,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND AND
DENYING WITHOUT PREJUDICE DEFENDANTS' MOTIONS TO DISMISS**

I.  Procedural History

The above-styled civil action is before this Court as a result of a notice of removal filed by the defendants, in which the defendants assert that federal jurisdiction is proper, pursuant to 28 U.S.C. § 1332. The plaintiff, a citizen of West Virginia, commenced this suit in the Circuit Court of Marshall County, West Virginia, asserting three causes of action against the defendants, Erie Insurance Property and Casualty Company ("Erie"), a Pennsylvania corporation with its principal place of business in Pennsylvania, and Sandra Barker ("Ms. Barker"), an employee of Erie and also a citizen of West Virginia. The three causes of action include a breach of implied covenant of good faith and fair dealing; a violation of Title 114, Series 14 of the Legislative Rules of the Insurance Commissioner of West Virginia; and a violation of West Virginia Code § 33-11-4(9), based upon the

defendants' acts and omissions in the handling of the plaintiff's insurance claim.

Following removal of the action to this Court, the plaintiff filed a motion to remand, to which the defendants responded. The plaintiff replied. In addition, each defendant filed a motion to dismiss. For the reasons set forth below, the plaintiff's motion to remand is granted. Furthermore, both defendants' motions to dismiss are denied without prejudice so that the defendants can raise the same issues before the Circuit Court of Marshall County, West Virginia.

## II. Facts

The plaintiff, James Robert Meade, II ("Mr. Meade"), was involved in an automobile accident with an underinsured motorist.[1] Claiming he was injured in the accident, Mr. Meade sought damages from the underinsured and reached a full and final settlement with the underinsured and the underinsured's casualty company. Erie, Mr. Meade's auto insurance carrier, consented to the settlement and waived any rights to subrogation. Because he held underinsured motorist benefits with Erie, Mr. Meade then pursued Erie for compensation in an amount exceeding the sums he collected from the underinsured's policy.

Erie, acting through a claims adjuster under the supervision of Ms. Barker, reached a settlement with Mr. Meade related to the

---

[1]On August 15, 2006, Mr. Meade's vehicle was struck by a vehicle operated by Donald Crupe, a motorist insured by Nationwide Insurance Company.

2

underinsured motorist coverage benefits.  Thereafter, the plaintiff instituted the present suit, alleging the above-mentioned causes of action.

### III. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter.  28 U.S.C. § 1441.  Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a).  The party seeking removal bears the burden of establishing federal jurisdiction.  See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994).  Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand.  Id.

### IV. Discussion

In the defendants' notice of removal, the defendants submit that this Court has diversity jurisdiction over this action.  The defendants assert that the sum of the plaintiff's various claims for damages exceed $75,000.00, exclusive of interests and costs.  The defendants also assert that, because Ms. Barker has been fraudulently joined, her citizenship must be disregarded for jurisdictional purposes and this action then involves citizens of

different states. The plaintiff, in turn, argues that this action must be remanded to state court because Ms. Barker lacks diversity of citizenship from the plaintiff and the defendants have failed to prove the appropriate amount in controversy. Because this Court holds that Ms. Barker was not fraudulently joined as a defendant, thereby not providing for complete diversity, this action is remanded to the Circuit Court of Marshall County, West Virginia.

Fraudulent joinder provides an exception to the requirement of complete diversity and enables a federal court to authorize removal even though an otherwise non-diverse party is a defendant. Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999). "To show fraudulent joinder, the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" Hartley v. CSX Transportation, Inc., 187 F.3d 422, 424 (4th Cir. 1999) (emphasis in original) (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)). "Fraudulent joinder must be proved by clear and convincing evidence consisting of facts rightly leading to [a] conclusion, apart from the deductions of the pleader." Rinehart v. Consolidation Coal Co., 660 F.Supp. 1140, 1141 (N.D. W. Va. 1987) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)). A court may look to the entire record and any means available to determine the propriety of such joinder. Id. (citing Wiley v. Safeway Stores,

4

Inc., 400 F.Supp. 653, 655 (N.D. Okla. 1975)). This standard places a heavy burden on the removing party. See Marshall, 6 F.3d at 232. The removing party must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor. Id. at 232-33.

As was shown in Hartley, fraudulent joinder claims are subject to a black-and-white analysis where shades of gray are resolved in favor of the plaintiff's motion to remand. Angius v. Branch Banking and Trust Co., No. 2:06-1006, 2007 WL 2740505, at *2 (S.D. W. Va. Sept. 18, 2007)(unpublished). "[A] plaintiff need only demonstrate a 'glimmer of hope' in order to have his [or her] claims remanded." Id. "Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends." Hartley, 187 F.3d at 426.

That being said, the defendants in the present suit have not demonstrated outright fraud in the plaintiff's pleading, nor have they met the burden of showing that there is no possibility that the plaintiff could establish a cause of action against the defendants in the West Virginia court. That is because, at least under Taylor v. Nationwide Mut. Ins. Co., 589 S.E.2d 55 (W. Va. 2003), a possibility exists that Mr. Meade may have a cause of action against Ms. Barker if she in fact violated West Virginia Code § 33-11-4(9). In Taylor, the West Virginia Supreme Court of Appeals held that an individual employed by an insurance company may be personally liable for alleged violations of the Unfair

5

Trade Practices Act ("UTPA"), W. Va. Code §§ 33-11-1 to -10.  See Id. at 61.  In Taylor, the plaintiff, a West Virginia citizen, brought suit in state court against his insurer and its claims adjustor, also a citizen of West Virginia, alleging a violation of the UTPA.  Id. at 58.  Arguing fraudulent joinder as the basis for removal to federal court, the defendants asserted that the claims adjustor had been added as a party to the suit to defeat diversity. Id.  Having previously determined that the UTPA provides a private cause of action, the West Virginia Supreme Court of Appeals looked to the express terms of the Act to determine that a "person," the entity prohibited in the Act from engaging in an unfair method of competition or an unfair and deceptive act or practice in the business of insurance, includes any individual, even agents and brokers.  Id. at 61.

Therefore, just as the West Virginia Supreme Court of Appeals held that a cause of action exists to hold a claims adjuster employed by an insurance company personally liable under the UTPA, Ms. Barker, in her individual capacity as claims supervisor, may also be liable under the UTPA.  As a result, the plaintiff has demonstrated that there is a possibility, a glimmer of hope, in his allegation that both defendants violated the UTPA and this demonstration is enough to end this jurisdictional inquiry and remand this suit to the West Virginia court.  Because the jurisdictional inquiry can end on this possibility alone, the plaintiff's remaining causes of action need not be addressed.

In addition, having decided that diversity of citizenship does not exist, this Court on that basis alone lacks subject matter jurisdiction. Therefore this Court need not address the amount in controversy issue.

V. Conclusion

For the reasons stated above, the plaintiff's motion to remand is hereby GRANTED. Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Marshall County, West Virginia. Further, because this Court has determined that it lacks subject matter jurisdiction, both defendants' motions to dismiss are hereby DENIED WITHOUT PREJUDICE to the defendants raising the same issues before the Circuit Court of Marshall County, West Virginia. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Marshall County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: September 28, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE